IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, a California corporation, individually and as subrogee of Richard L. Hawkins and RICHARD L. HAWKINS, individually, <br>         Plaintiffs, <br><br> v. <br><br> ARTHUR ANDERSEN, LLP, an Illinois limited liability partnership, <br>         Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action, <br> File No. 07 C 6861 <br><br><br> Hon. Ronald A. Guzman |

## MOTION OF ARTHUR ANDERSEN LLP TO DEFER RESPONSE TO THE COMPLAINT AND STATUS FOR 30 DAYS

Defendant, Arthur Andersen LLP ("Andersen"), respectfully moves this Court to extend by 30 days to and including March 5, 2007 its date for responding to the complaint and to reset the status for the week of March 10 from the present date of February 6, 2008.

This motion is made upon the following grounds:

1. On December 5, 2007, plaintiffs Richard Hawkins (hereinafter "Hawkins") and Camico Mutual Insurance Company ("Camico") commenced this action by filing their Complaint for Declaratory and Other Relief.

2. The claims in plaintiffs' complaint are based upon an agreement executed when Hawkins left the Andersen partnership in 2001. In signing the agreement, Hawkins agreed to "comply with continuing obligations under Arthur Andersen LLP's organizational document(s), as presently in effect, binding on former Partners and Directors…." See Exhibit 2 to plaintiffs' Complaint for Declaratory and Other Relief. The Andersen partnership agreement is one of the organizational documents with which Hawkins has agreed he must continue to comply with.

The Andersen partnership agreement contains an arbitration agreement that requires arbitration of any disputes relating to Hawkins' partnership status.

3. Pursuant to Judge Guzman's case management procedures, the parties met and conferred. During those discussions, Andersen informed plaintiffs that the Andersen partnership agreement contains an arbitration clause that requires arbitration of the dispute in this matter. Andersen's made the arbitration clause available to counsel and further informed counsel that Hawkins was bound to arbitrate as a signatory to the agreement and Camico was required to arbitrate as his subrogee.

4. In response to this information, Plaintiffs are considering whether they will agree to arbitrate this dispute without the necessity of the arbitration issue being litigated in this Court. They have informed Andersen that they will respond within 30 days. If the parties eventually agree arbitration should occur, no further proceedings should take place in this case until arbitration has been completed.

5. In light of the fact that the parties may agree to the arbitrability of this dispute, the parties have further agreed that it would be appropriate to defer filing of a motion to compel arbitration by Andersen and a substantive status before this Court on February 6. Instead, it would make sense to extend the time for Andersen to file its motion and to reset the date for a status in 30 days.

6. Plaintiffs have no objection to the proposed extension and join in the request to reset the status hearing.

In the hope of resolving this dispute through arbitration and sparing the Court's resources, we ask the court to grant the parties an additional 30 days before defendant's response is due as well as resetting of the status in 30 days.

Dated February 4, 2008.                             Respectfully submitted,


                                                    s/ Stanley J. Parzen_____
                                                    Stanley J. Parzen
                                                    Mayer Brown LLP
                                                    71 South Wacker Drive
                                                    Chicago, Illinois 60606-8747
                                                    (312) 701-7326
                                                    Attorney for Arthur Andersen, LLP

3