IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, ) <br> a California corporation, individually and as ) <br> subrogee of Richard L. Hawkins and RICHARD ) <br> L. HAWKINS, individually, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARTHUR ANDERSEN, LLP, an Illinois limited ) <br> liability partnership, ) <br> Defendant. ) | Civil Action, <br> File No. 07 C 6861 <br><br><br> Hon. Ronald A. Guzman |

**MOTION OF ARTHUR ANDERSEN LLP TO STAY DISCOVERY AND OTHER PROCEEDINGS PENDING DECISION ON THE MOTION TO COMPEL ARBITRATION**

Arthur Andersen LLP has filed a motion to compel arbitration of this dispute. By this motion, Arthur Andersen LLP ("Andersen") requests that this Court order that discovery and other proceedings should be stayed until the motion to compel arbitration is decided.

**ARGUMENT**

Discovery should not proceed at this time because allowing discovery to proceed would undermine the relief sought by Andersen in its motion. Both fairness and precedent support entry of a stay of discovery.

When a party seeks to compel arbitration, as Andersen has done here, discovery should not go forward. See *Econo-Car International Inc. v. Antilles Car Rentals, Incl.*, 61 F.R.D. 8, 10 (D.C.V.I. 1973) ("In proceedings to compel arbitration, discovery delving into the merits of the grievance to be arbitrated is improper. . . Consequently a protective order providing that discovery not be had is proper."), reversed on other grounds, 499 F.2d 1391 (3rd Cir. 1974), and cited with approval in *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 353 n.17 (1978). In

fact, the conclusion that proceedings should not go forward in the face of an arbitration demand is required by the United States Court of Appeals for the Seventh Circuit decision in *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504 (7th Cir. 1997). *Bradford* directly raised the issue of whether a district court was required to stay proceedings when the district court had denied a request for arbitration but the party seeking arbitration appealed that denial to the Court of Appeals. The Court of Appeals held that a stay was required pending appeal. The Court also held in language directly applicable here: "Arbitration clauses reflect the parties' preference for non-judicial dispute resolution, which may be faster and cheaper. These benefits are eroded, and may be lost or even turned into net losses, if it is necessary to proceed in both judicial and arbitral forums, or to do this sequentially." *Id.* at 506. Permitting discovery to proceed at this stage would violate the principles of *Bradford* and undercut the arbitrator's prerogative to decide the scope of discovery pursuant to the arbitration agreement. *Id.*

      Andersen is committed to an expeditious resolution of this case. If it can proceed, arbitration will achieve that end. In the meantime, it would be unfair and contrary to precedent to permit discovery and other proceedings to occur before this Court while the motion to compel arbitration remains pending.

Dated March 5, 2008.                      Respectfully submitted,

                                                        s/ Stanley J. Parzen
                                                        Stanley J. Parzen
                                                        Mayer Brown LLP
                                                        71 South Wacker Drive
                                                        Chicago, Illinois 60606-8747
                                                        (312) 701-7326
                                                        Attorney for: Arthur Andersen, LLP