IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, ) <br> a California corporation, individually and as ) <br> subrogee of Richard L. Hawkins and RICHARD ) <br> L. HAWKINS, individually, ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ARTHUR ANDERSEN, LLP, an Illinois limited ) <br> liability partnership, ) <br> Defendant. ) | Civil Action, <br> File No. 07 C 6861 <br><br><br><br><br><br> Hon. Ronald A. Guzman |

**ARTHUR ANDERSEN LLP'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUR-REPLY OR IN THE ALTERNATIVE FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' SUR-REPLY**

Defendant, Arthur Andersen LLP ("Andersen"), respectfully moves this Court to deny Plaintiffs' Motion for Leave to File a Sur-Reply as Andersen raised no new matters or issues in its reply brief, but rather only responded to issues raised by Plaintiffs' brief in opposition to Andersen's motion to compel arbitration. If the Court allows Plaintiffs' sur-reply, Andersen requests leave to file a response of not more than five pages. It opposes Plaintiffs' motion based on the following:

1.  On March 5, 2008, Andersen filed a five-page motion to compel arbitration in which it argued the broad arbitration clause in the partnership agreement between Richard Hawkins and Andersen, which covers disputes about the "validity, scope and enforceability of th[e] arbitration provision," meant arbitrability of the dispute was for an arbitrator to decide. See Andersen Motion to Compel at ¶ 10. Andersen also argued that Plaintiff Camico was bound by the arbitration clause as the subrogee of plaintiff Hawkins.

2. Plaintiffs filed a thirteen-page brief in opposition ("Pls.' Br.") on March 31, 2008, in which they raised three matters not addressed in Andersen's motion: Plaintiffs argued 1) that assuming that the arbitrability of the dispute was not for the arbitrators, the Court should hold the dispute was not arbitrable because the Partnership Agreement and the Termination Agreement[1] were separate and independent agreements; (Pls. Br. at 4-9); 2) Andersen was required to provide the entire Partnership Agreement to the Court and had not (Pls.' Br. at 9-10); and 3) Camico had independent claims that should not be compelled to arbitration (Pls. Br. at 10-13).

3. In its reply brief, Andersen raised no new issues. It did, however, present the Court with new exhibits and case law to respond to Plaintiffs' new arguments, as it was entitled to do.

4. Exhibit A (the Terry Hatchett Letter) and Exhibit C (the court opinion in *Autori v. Arthur Andersen*) were presented to rebut Plaintiffs' first new argument that the Termination Agreement was separate from and did not arise under and was not ancillary to the Partnership Agreement.[2] For example, the *Autori* court decided that a dispute arising out of an agreement (made in a Determination Statement like the one here) to provide income over and above what

---

[1] As Andersen explained in its reply brief, the Termination Agreement is nothing more than the Determination Statement of Hawkins's Partnership share under the Partnership Agreement.

[2] The *Autori* opinion was not offered by Andersen as Plaintiffs claim to support its argument that arbitrability should be "punt[ed]" to the arbitrator. Exhibit A to Plaintiffs' Motion for Leave to File a Sur-Reply at 2. Andersen in fact never made such an argument based upon *Autori*. In arguing that the question of arbitrability was for the arbitrator, Andersen relied on the *Viets* decision as it had in its opening brief. *Compare* Andersen Motion to Compel at ¶ 10 with Andersen Reply Br. at 3-5. *Autori* was only offered in the scenario that the Court disagreed with *Viets* and, instead, agreed with Plaintiffs' new arguments that the Partnership Agreement and Termination Agreement were separate agreements. See Andersen Reply Br. at 3, 5-7. Just as Andersen never used *Autori* for suggesting the question of arbitrability was for the arbitrator, it also never used the word "punt" as Plaintiffs suggest it did, which is why Plaintiffs cannot and do not cite to Andersen's brief to support either of these two assertions.

2

was required under the Partnership Agreement after a partner had left the firm, was arbitrable because it arose under the Agreement.

5.  Exhibit B (the Parzen affidavit and the five court rulings attached to it) was offered in response to Plaintiffs' second new argument that the Partnership Agreement must be offered in its entirety. Exhibit B explained why the Partnership Agreement need not be offered and informed the Court for the first time that in fact Plaintiffs' counsel had been given an opportunity to read the Partnership Agreement, a fact not disclosed in the response of plaintiffs when they raised the new argument regarding the Partnership Agreement.

6.  Plaintiffs do not point out a single argument or issue raised by Andersen in its reply that was not simply a response to Plaintiffs' new arguments. They only identify new exhibits that they suggest Andersen should have presented in its opening Motion to Compel. But these exhibits only became relevant to the dispute over Andersen's Motion to Compel once Plaintiffs raised their new arguments. Andersen should not have to anticipate (and could not anticipate) every new argument Plaintiffs might raise in their Opposition Motion. An attempt to do so would have required Andersen to inundate this Court with countless irrelevant documents on the off-chance they might become relevant based on the given theories that Plaintiffs might adopt.

7.  As Plaintiffs have not identified any new arguments raised by Andersen, they are not entitled to a sur-reply.

8.  If Plaintiffs are permitted to file a sur-reply, Andersen has several arguments in response that it should be allowed to make. Among other points, it disputes whether opposing counsel requested a copy of the Partnership Agreement at the time counsel was allowed to read the agreement, Plaintiffs' interpretations of *Autori*, and Plaintiffs' arguments that the Hatchett

letter should not be considered. Andersen should be allowed to brief these issues and others raised by Plaintiffs in their sur-reply.

**FOR THE FOREGOING REASONS**, Andersen asks this Court to deny Plaintiffs' Motion for Leave to File a Sur-Reply. If the Court, however, grants Plaintiffs' motion, Andersen requests that in the interest of fairness it be granted leave to file a brief responding to the arguments raised in Plaintiff's sur-reply.

Dated May 6, 2008.                          Respectfully submitted,

                                            s/ Stanley J. Parzen
                                            Stanley J. Parzen
                                            Mayer Brown LLP
                                            71 South Wacker Drive
                                            Chicago, Illinois 60606-8747
                                            (312) 701-7326
                                            Attorney for Arthur Andersen, LLP