# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, a California corporation, individually and as subrogee of Richard L. Hawkins and RICHARD L. HAWKINS, individually,<br><br>Plaintiffs,<br><br>v.<br><br>ARTHUR ANDERSEN, LLP, an Illinois limited liability partnership,<br><br>Defendant. | Case No.: 07 C 6861<br><br>Hon. Ronald A. Guzman |

### AFFIDAVIT OF DONALD E. ELDER

I, Donald E. Elder, pursuant to penalty of perjury under 28 U.S.C. § 1746(1), state as follows:

1. I am a partner at the law firm of Tressler, Soderstrom, Maloney & Priess, LLP, in Chicago, Illinois. I represent Plaintiffs CAMICO Mutual Insurance Company and Richard L. Hawkins (collectively "Plaintiffs") in this matter.

2. I have personal knowledge of the matters set forth in this affidavit and the matters stated herein are true and correct.

3. On December 5, 2007, Plaintiffs filed their Complaint for Declaratory and Other Relief against Arthur Andersen.

4. On January 21, 2008, I was first informed that the Arthur Andersen Partnership Agreement contained an arbitration provision. Stanley J. Parzen, lead counsel for Arthur Andersen, informed me of the existence of an arbitration provision.

5. On January 22, 2008, I requested a complete copy of the Arthur Andersen Partnership Agreement. In response, Mr. Parzen stated he would consider the request.

6. On January 25, 2008, during the parties' meet and confer session I again requested a complete copy of the Arthur Andersen Partnership Agreement. At that time, Mr. Parzen informed me that he would not produce a copy of the Arthur Andersen Partnership Agreement. Mr. Parzen stated that he would only allow for an inspection of the document at his office.

7. On January 25, 2008, I went to Mr. Parzen's office to inspect the Arthur Andersen Partnership Agreement. While there, I again asked for a copy of the Arthur Andersen Partnership Agreement. Mr. Parzen informed me that a complete copy of the Arthur Andersen Partnership Agreement would not be produced to Plaintiffs.

8. The Arthur Andersen Partnership Agreement does not contain a provision that defines or addresses Arthur Andersen's obligation to defend and/or indemnify a former partner who is named as a defendant in a lawsuit that implicates the former partners activities while employed with Arthur Andersen. I make this statement based on my review of the Arthur Andersen Partnership Agreement on January 25, 2008.

9. I first received a copy of Mr. Terry E. Hatchett's July 3, 2001 letter to Richard Lee Hawkins on April 23, 2008.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 2, 2008.

By: _____
Donald E. Elder