IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, ) <br> a California corporation, individually and as ) <br> subrogee of Richard L. Hawkins and RICHARD ) <br> L. HAWKINS, individually, ) <br>               Plaintiffs, ) <br>          ) <br>       v.      ) <br>          ) <br> ARTHUR ANDERSEN, LLP, an Illinois limited ) <br> liability partnership, ) <br>               Defendant. ) | Civil Action, <br> File No. 07 C 6861 <br><br><br> Hon. Ronald A. Guzman |

**ARTHUR ANDERSEN LLP'S MOTION FOR LEAVE TO FILE ARTICLES 3(J), 5, 10, 23, 36, & 38 OF THE PARTNERSHIP AGREEMENT AND THE AGREEMENT'S COVER UNDER SEAL, OR IN THE ALTERNATIVE, TO DESIGNATE THOSE ARTICLES AND THE COVER AS RESTRICTED UNDER LOCAL RULE 26.2(A)**

Arthur Andersen LLP ("Andersen") respectfully requests this Court grant it leave to file Articles 3(J), 5, 10, 23, 36, & 38 of the Arthur Andersen LLP Partnership Agreement ("Partnership Agreement") under seal along with the cover to the Partnership Agreement. In the alternative, Andersen moves to designate those Articles and the cover as Restricted under Local Rule 26.2(a). In support of this motion, Andersen states as follows:

    1.    On December 5, 2007, Richard L. Hawkins and Camico Mutual Insurance Company (collectively "Plaintiffs") brought the above-entitled action against Andersen claiming Andersen had a duty to defend Hawkins based upon a Termination Agreement between Hawkins and Andersen. Doc. #1.

    2.    On March 5, 2008, Andersen filed a motion to compel the action to arbitration based upon an arbitration clause in the Partnership Agreement between Hawkins and Andersen. Doc. #15.

3. Opposing Andersen's motion to compel arbitration, Plaintiffs argued the Termination Agreement was a separate agreement from the Partnership Agreement and did not arise under the Partnership Agreement. Doc. # 21 at 4-9.

4. In its reply, Andersen explained the Termination Agreement in fact did arise under the Partnership Agreement because the situation here was identical to the situation in the case of *Autori v. Arthur Andersen*, CV 03 0477909-S (Conn. Super. Ct., March 21, 2006). Doc. #25 at 7-8.

5. Given the significance that the *Autori* decision has taken in this case since Plaintiffs' opposition motion, Andersen wishes to provide this Court with the same excerpts from the Partnership Agreement that were provided to the *Autori* Court. In *Autori*, Andersen did not provide the entire Partnership Agreement to the court. Instead, it provided only the seven articles or sub-articles from the Partnership Agreement that were relevant to its dispute with Mr. Autori. In addition to Article 39, the arbitration clause that is already before the court (Doc. #15 at ¶ 9 and Doc. #25, Exhibit B at ¶ 5), Andersen provided Articles 3(J), 5, 10, 23, 36, & 38. See Exhibit A at ¶ 3 attached here.

6. The Partnership Agreement is an internal, confidential document of Andersen. Andersen has long maintained its organizational documents, which include the Partnership Agreement, in a confidential fashion. When it provided its partners with access to the Partnership Agreement they were informed that it was a confidential document. Exhibit A at ¶ 4.

7. Other court rulings have consistently recognized Andersen's interest in protecting its confidential information by placing copies of the Partnership Agreement under seal. Order, *Connolly v. Arthur Andersen LLP*, No. 1:04-CV-07458 (N.D. Ill. December 22, 2004) (granting leave to file Partnership Agreement under seal); Order, *Viets v. Arthur Andersen, LLP*, No. 1:03-

CV-0682-DFH-VSS (S.D. Ind. June 12, 2003) (overruling plaintiff's objection and granting Andersen leave to file the Partnership Agreement (and other confidential materials) under seal and to file portions of a brief quoting the Partnership Agreement under seal); Order, *Federal Ins. Co. v. Arthur Andersen LLP*, No. 03 C 1174 (N.D. Ill. Sept. 9, 2003) (granting Andersen's motion for leave to file responsive pleading and attachments under seal); Order, *Parkhill v. Arthur Andersen LLP*, No. 04-K-0999 (D. Colo. Aug. 12, 2004) (granting motion to file Partnership Agreement under seal); Order, *Imonti v. Arthur Andersen LLP*, No. 04-K-1000 (D. Colo. Aug. 12, 2004) (same). Doc. #25, Exhibit B at ¶ 4.

8. "[A] party does have an interest in preventing the dissemination of confidential information." *Sasu v. Yohshimura*, 147 F.R.D. 173, 176 (N.D. Ill. 1993).

WHEREFORE Andersen respectfully requests leave to file the following excerpts from the Partnership Agreement as exhibits under seal: Articles 3(J), 5, 10, 23, 36, & 38 as well as the cover to the Partnership Agreement. In the alternative, Andersen moves to designate those excerpts as Restricted under Local Rule 26.2(a).

Dated May 23, 2008.                                Respectfully submitted,

                                                   s/ Stanley J. Parzen
                                                   Stanley J. Parzen
                                                   Mayer Brown LLP
                                                   71 South Wacker Drive
                                                   Chicago, Illinois 60606-8747
                                                   (312) 701-7326
                                                   Attorney for Arthur Andersen, LLP