IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAMICO MUTUAL INSURANCE COMPANY, a California corporation, individually and as subrogee of Richard L. Hawkins and RICHARD L. HAWKINS, individually, | ) ) ) ) ) | Civil Action, File No. 07 C 6861 |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARTHUR ANDERSEN, LLP, an Illinois limited liability partnership, | ) ) | Hon. Ronald A. Guzman |
| Defendant. | ) | |

## MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Arthur Andersen LLP ("Andersen") respectfully requests this Court grant it leave to file supplemental authority to its motion to compel arbitration in the above-entitled matter.

1. The arbitration clause in dispute here has an Illinois choice of law provision. See Doc. #25, Ex. B at ¶ 5.

2. On June 6, 2008, after briefing of the motion to compel arbitration in the present dispute was completed, the Illinois Appellate Court decided *CasablancaTrax, Inc. v. Trax Records, Inc.*, ---N.E.2d---, 2008 WL 2346088 (Ill. App. 1st Dist. June 6, 2008). The decision supports Andersen's second argument that the scope of the arbitration clause in the Andersen partnership agreement is broad enough to include the dispute here (the clause in *CasablancaTrax*, unlike the clause at issue here, did not say that disputes about the scope of the arbitration clause were for the arbitrator, a provision which requires arbitration here without reaching the matter decided in *Casablanca Trax).*

3. The *CasablancaTrax* court faced a question similar to the one before this Court: "What happens when the parties to a contract put a broad arbitration clause in one document, but

include no such clause in a second document providing security for the promises made in the first document?" *CasablancaTrax Inc.*, 2008 WL at *1. The court held that arbitration was required for reasons directly applicable here.[1] In so holding, the court relied upon and followed *A.E. Staley Manufacturing Co. v. Robertson*, 200 Ill.App.3d 725 (Ill. App. 1st Dist. 1990), which Andersen previously cited in support of its argument that the Termination Agreement here arises under the Partnership Agreement. *CasablancaTrax*, 2008 WL at *4.

4.  The decision to compel arbitration in *CasablancaTrax* is germane for three additional reasons: 1) it reinforces the strong policy of letting the arbitrator decide arbitrability; 2) the broad language of the *CasablancaTrax* arbitration clause mirrors the arbitration language here; and 3) *CasablancaTrax* characterized the facts of an earlier Illinois Supreme Court decision compelling arbitration, *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.*, 244 Ill.App.3d 920 (Ill. App. 2d Dist. 1993), in a manner analogous to the facts here.

5.  First, the *CasablancaTrax* court recognized the strong policy in having an arbitrator decide even disputed issues of arbitrability. Thus, the court found it significant that the Illinois Supreme Court had previously recognized, "when the language of an arbitration clause is broad and it is unclear whether the subject matter of the dispute falls within the scope of [the] arbitration agreement, the question of substantive arbitrability should initially be decided by the arbitrator," *id.* at 3 (quoting *Donaldson, Lufkin & Jenrette Futures, Inc. v. Barr*, 124 Ill.2d 435, 445 (Il. 1988)). Following that principle, the *CasablancaTrax* court held "the parties must submit the question of arbitrability to the arbitrator first, before addressing any claims that *may* not be subject to the arbitration clause." *Id.* at *1 (emphasis added).

---

[1]  The case for compelling arbitration is stronger in fact in the present case, because in the present case the second document/agreement specifically references plaintiff's "continuing obligations" under the first document/agreement, the Andersen Partnership Agreement. See Plaintiffs' Compl. at Exhibit 2.

2

6. Second, in ordering arbitration, *CasablancaTrax* recognized the arbitration clause's provision for sending "'[a]ny dispute arising ou[t] of or pursuant to' the agreement" to arbitration meant "[t]he parties [had] adopted the language of the '[t]he broadest arbitration clauses.'" *Id.* The same sort of broad language that led to arbitration in *CasablancaTrax* was used in the arbitration clause in the present matter. Doc. #25, Ex. B at ¶ 5 ("[a]ny and all disputes . . . arising out of or in connection with this agreement . . . shall be finally settled by arbitration").

7. Third, in reaching its decision, the *CasablancaTrax* court also relied on *Nagle v. Nadelhoffer, Nagle, Kuhn, Mitchell, Moss & Saloga, P.C.*, 244 Ill.App.3d 920 (Ill. App. 2d Dist. 1993), which it characterized in a manner reminiscent of the present dispute and which also requires arbitration here. In *Nagle*, the plaintiff had signed an employment agreement with an arbitration clause. *CasablancaTrax*, 2008 WL at *4. He later signed a stock redemption agreement without such a clause. *Id.* When he resigned and sought to redeem the stock, the defendant moved to compel arbitration. Agreeing with the defendant, the appellate court explained, "A generic arbitration clause in an employment contract is broad enough to encompass *any dispute* which concerns [the plaintiff's] employment . . . *or his termination thereof*." *Id.* at *5 (quoting *Nagle*, 244 Ill.App.3d at 925) (emphasis added). The *Nagle* court went on to find that while the employment contract clearly covered employment and termination, it was unclear whether it covered the stock redemption. *CasablancaTrax*, 2008 WL at *5. That issue it determined was for the arbitrator. *Id.*

For the foregoing reasons, Andersen respectfully requests leave to file *CasablancaTrax, Inc. v. Trax Records, Inc.*, ---N.E.2d---, 2008 WL 2346088 (Ill. App. 1st Dist. June 6, 2008) as

supplemental authority to its motion to compel arbitration.  A copy of the decision is attached as Exhibit A.


Dated July 9, 2008.                              Respectfully submitted,


                                                             s/ Stanley J. Parzen _____
                                                             Stanley J. Parzen
                                                             Mayer Brown LLP
                                                             71 South Wacker Drive
                                                             Chicago, Illinois 60606-8747
                                                             (312) 701-7326
                                                             Attorney for Arthur Andersen, LLP